David **BERGSTEIN**, Plaintiff,

v.

**JORDACHE ENTERPRISES, INC.**, Defendant.

No. 90 Civ. 1461 (JMC).

United States District Court, S.D. New York.

Jan. 28, 1994.

---

Arthur M. Wisehart, Wisehart & Koch, New York City, for plaintiff.

Robert A. Spiegelman, The Law Offices of Robert A. Spiegelman, New York City, for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Before this Court is a motion by plaintiff David Bergstein to modify the conclusions set forth in Magistrate Judge Buchwald's Memorandum and Order dated July 20, 1993 [the "Discovery Order"]. The Discovery Order resolved a series a discovery disputes between the parties, and denied plaintiff's request for the entry of an adverse inference and the imposition of sanctions upon the defendant in connection with the defendant's loss of certain sales-commission records of *non-parties* to this action. Many of these records date back to 1982. The Court has reviewed the Discovery Order and has considered the arguments and the documentary evidence submitted by the plaintiff.[1] For the reasons set forth herein, plaintiff's motion is denied.

## BACKGROUND

This is an action based on diversity jurisdiction in which plaintiff David Bergstein alleges injuries stemming from his employment as a commission-based salesman, and his discharge therefrom, by defendant Jordache Enterprises, Inc. ["Jordache"]. In his complaint, plaintiff alleges that the defendant breached its contractual obligation to pay him a 5% sales commission pursuant to an agreement between the parties. He further alleges that the defendant tortiously discharged him from his employment, and slandered his professional reputation. Plaintiff asserts that the defendant committed these tortious acts in retaliation for certain complaints lodged by plaintiff that questioned the legality of defendant's pricing and employment practices.

By the Court's Memorandum and Order filed on June 24, 1991, and reported at *Bergstein v. Jordache Enterprises, Inc.*, 767 F.Supp. 535 (S.D.N.Y.1991), defendant's motion to dismiss plaintiff's complaint was granted in part, and denied in part. Bergstein's claims for wrongful discharge of employment, and *prima facie* tort, were dismissed with prejudice. *See id.* at 541. Bergstein's remaining claims—for (i) breach of contract, (ii) tortious interference with contract, and (iii) violations of the Pennsylvania Commissioned Sales Representatives Act—were allowed to persist. *See id.* at 543–44.

Following the Court's disposition of the defendant's motion to dismiss, the parties proceeded with discovery. A number of discovery disputes thereafter arose which required the intervention of Magistrate Judge Buchwald.

In her Memorandum and Order dated July 20, 1993, Magistrate Judge Buchwald resolved a series of discovery disputes between the parties. This Discovery Order also rejected plaintiff's suggestion, as stated in his counsel's letter dated June 15, 1993, that the defendant knowingly destroyed relevant evidence. Plaintiff's counsel had requested that the defendant be subjected to an adverse inference, and sanctions, in connection with this alleged conduct. The asserted evidence in question consisted of the sales-commission records of *other salespersons* who were employed by Jordache during the same period

---

1. Defendant Jordache Enterprises, Inc. did not submit a response in opposition to the plaintiff's motion.

as the plaintiff. These salespersons are not parties to the instant action.

In her Discovery Order, Magistrate Buchwald concluded that a review of the parties' submissions revealed that the defendant did not harbor any intent to destroy relevant evidence. Magistrate Buchwald further concluded that a review of the portions of the complaint referenced by plaintiff in its discovery requests would not have led the defendant to believe that the commission records of other salesmen were relevant to plaintiff's claim. In connection with this matter, the magistrate judge noted that plaintiff's claim was not that other salesmen received his commissions, but rather, that Jordache treated his accounts as house accounts. Accordingly, Magistrate Judge Buchwald found no *prima facie* showing of an improper destruction of documents.

Plaintiff now moves, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to modify the conclusions reached by the magistrate judge. He argues that he should not have been denied discovery of certain items for which interrogatories or depositions had been sought. More pointedly, he seeks a reversal of Magistrate Buchwald's denial of his request for the imposition of an adverse inference and sanctions upon the defendant. Plaintiff, however, does not dispute the magistrate's conclusion that all of *his* sales-commission records have been produced by the defendant.

## DISCUSSION

Under Rule 72(a) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(A), a deferential standard of review applies to a district court's consideration of a party's objections to the rulings of a magistrate judge on a nondispositive matter. Under this standard, the district judge may only "modify or set aside [that] portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

Plaintiff argues that Magistrate Buchwald's rulings, as set forth in her Discovery Order, were either clearly erroneous or contrary to law. Plaintiff directs the Court's attention to paragraphs 71 and 78 of his complaint, which pertain to the cause of action alleging violations of the Pennsylvania Commissioned Sales Representatives Act. This cause of action survived the defendant's motion to dismiss. *See Bergstein,* 767 F.Supp. at 544. Paragraph 71 asserts that "defendant ... unlawfully convert[ed] to itself monies due as commissions to many of its other sales agents by ... arbitrary action." Paragraph 78, in turn, asserts that "said acts constitute[d] a pattern or practice by defendant of taking advantage of sales representatives throughout the country by appropriating and converting monies due said sales representatives." He argues that these assertions are relevant to the instant action because the evidence that would support them would be admissible, under Rule 406 of the Federal Rules of Evidence, towards establishing Jordache's business practices in regard to its salespersons. He further argues that the existence of these allegations within plaintiff's complaint directly contradicts Magistrate Buchwald's conclusion that "a review of the portions of the complaint referenced by plaintiff would not have led the defendant to believe that the commission records of other salesmen were relevant to plaintiff's claim." Discovery Order, at 2. He requests, therefore, that the Court reverse Magistrate Buchwald's rulings denying the imposition of sanctions and the entry of an adverse inference.

While a purposeful or a reckless destruction of relevant evidence, unequivocally, would warrant the full wrath of this Court, the Court is completely satisfied with Magistrate Buchwald's findings that any loss of evidence was not attributable to bad faith on the defendant's part. Magistrate Judge Buchwald was in the best position to evaluate the sincerity of the parties to the discovery disputes, and to assess the defendant's diligence in meeting the plaintiff's discovery requests. Her active moderation of the parties' disputes included several pretrial conferences. Thus, Magistrate Buchwald had a sufficient basis to conclude that the defendant's disposition of the sales-commission records of non-parties to this action—many of which date back to 1982—was done in the ordinary course of business, and without bad

faith. Indeed, it would be unwise judicial administration for a district court to undertake such extreme measures as the imposition of sanctions or the entry of an adverse inference when a magistrate judge, who has dealt directly with the parties on an ongoing basis, has firmly counseled against it.

The Court has considered the plaintiff's other objections as well, and regards the Discovery Order to have been reasonable in all respects.

## CONCLUSION

Plaintiff's motion to modify the Memorandum and Order of Magistrate Judge Buchwald dated July 20, 1993 is denied. Fed. R.Civ.P. 72(a).

SO ORDERED.